

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# USA v. Briscoe-Bey

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Briscoe-Bey" (2005). *2005 Decisions.* Paper 1420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2059

———————

UNITED STATES OF AMERICA

v.

CLARENCE BRISCOE-BEY,

Appellant

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 03-00018-1)
Honorable Kent Jordan, District Judge

———————

Argued March 7, 2005

BEFORE: SCIRICA, Chief Judge, and ROTH and GREENBERG, Circuit Judges

———————

(Filed: March 29, 2005)

———————

Colm F. Connolly
United States Attorney
Richard G. Andrews (argued)
First Assistant U.S. Attorney
April M. Byrd
Assistant U.S. Attorney
Nemours Building
1007 Orange Street, Suite 700

P.O. Box 2046
Wilmington, DE 19899-2046

Attorneys for appellee

Christopher S. Koyste (argued)
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801

Attorneys for appellant

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from a judgment of conviction

and sentence entered on April 2, 2004, following appellant Clarence Briscoe-Bey's

conviction at a jury trial and subsequent sentencing for distribution of more than 500

grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Using the

Sentencing Guidelines, the district court calculated Briscoe-Bey's sentencing range at

between 151 to 188 months and then sentenced him to a 188-month term to be followed

by a four-year term of supervised release. Briscoe-Bey appeals, raising two sentencing

issues arising from the application of the guidelines in the imposition of sentence and the

following contention with respect to his conviction:

> The district court erred in admitting the audiotapes and testimony by case
> agent Hughes regarding the statements of Ernest Morris in that they
> constituted hearsay, for which there is no exception to render them
> admissible, and the district court violated Mr. Briscoe-Bey's rights under

the confrontation clause to confront the witnesses against him. Appellant's br. at 37.

We first address the issue relating to the conviction which arises from the circumstance that Briscoe-Bey distributed cocaine to Ernest Morris who at that time was cooperating with the government but did not testify because neither party called him as a witness. As Briscoe-Bey sets forth, the court admitted testimony by the case agent regarding Morris's statements and admitted audio tapes of conversations between Briscoe-Bey and Morris at Morris's residence in Wilmington, Delaware, where Briscoe-Bey distributed the cocaine. After our review of this matter we find no basis to reverse by reason of the admission of that testimony but we do comment on four matters with respect to it.

First, we address the standard of review. Briscoe-Bey, citing United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998), contends that our review is plenary as it involves an interpretation of the Federal Rules of Evidence. The government agrees that a determination of whether evidence is hearsay and whether it falls within an exception to the hearsay rule is plenary, but argues that the district court based its decision admitting the audio tapes on a permissible interpretation of the rules so that we review its decision for an abuse of discretion citing, inter alia, United States v. Tyler, 281 F.3d 84, 98 (3d Cir. 2002). We agree with Briscoe-Bey on the standard of review issue as he contends that some of the evidence to which he objects simply could not be admitted on any basis.

3

Thus, we are exercising plenary review in considering whether there was error in its admission.

The second point we mention is that the parties disagree on <u>why</u> certain evidence was admitted, a significant point because if it was not offered for the truth of the matter asserted it was not hearsay and thus could not be inadmissible on that basis. Briscoe-Bey contends that the court erred in not giving a limiting instruction "that the taped conversations were offered solely to provide context to Mr. Briscoe-Bey's statements and were not to be considered for the truth." Appellant's br. at 45. The government answers that it is clear that the statements were not offered "for the truth of the matter asserted," appellee's br. at 29, and that, in any event, Briscoe-Bey in the district court did not "request" the court to give a limiting instruction as provided in Federal Rule of Evidence 105. We agree with the government on this point. In this regard we find it particularly significant that in his reply brief Briscoe-Bey does not challenge the government's assertion that he did not seek a Rule 105 limiting instruction and at oral argument before us he confirmed that he had not done so.

The third point relates to the case agent's testimony that after the cocaine delivery at Morris's residence the agents "obtained a photograph from [sic] Mr. Briscoe-Bey, showed that photograph to Mr. Morris, who identified Mr. Briscoe-Bey as being the same individual that entered his house and delivered a kilogram of cocaine."[1] App. at 223. The

---

[1]As Briscoe-Bey indicates in his brief, appellant's br. at 7, the agents obtained the photograph from a motor vehicle database. Thus the "from" should have been "of" in the

government concedes that "the testimony served no other purpose than one of identification," appellee's br. at 32, but argues that the evidence was harmless as "[t]he identity of the defendant was not an issue in the trial." Id. Briscoe-Bey responds that "the government is simply incorrect that identification was not at issue in this action." Appellant's reply br. at 11.

Plainly the government is correct on this point. After all, Briscoe-Bey indicates that "[t]he most important issue in the entire case was whether there in fact <u>was</u> a delivery of drugs to Ernest Morris on January 29, 2003 at Mr. Morris' residence." Id. (emphasis in original). He then goes on to argue that there was not a delivery and that the entire claim that he delivered the cocaine was a fabrication. He supports this claim with evidence tending to show that he was not associated with the drugs, though he does not deny that he, in fact, visited Morris, following which Morris turned over cocaine to the government.

Furthermore, on the identification issue the government points out that Briscoe-Bey:

> was identified by surveillance agents as being the person who met with the defendant [sic] and who talked with the defendant [sic] over the telephone.[2] His cellular telephone reflected the telephone calls between him and the informant that were tape-recorded by the Government. Finally, the defendant confessed to the transaction in the presence of three law enforcement officers.

---

agent's testimony as Briscoe-Bey was not cooperating in his own prosecution.

[2]We believe that the government intended to refer to Morris rather than the "defendant" in this sentence.

Appellant's br. at 32. Overall, we are satisfied that while there was a question about what happened on January 29, 2003, at Morris's residence there is no question about who was there. In the circumstances, the hearsay error was harmless under any standard. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828 (1967); United States v. Quintero, 38 F.3d 1317, 1331 (3d Cir. 1994).

The final point with respect to the evidence relates to Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), dealing with the Sixth Amendment Confrontation Clause, a case we recently applied in United States v. Hendricks, 395 F.3d 173 (3d Cir. 2005). The government, though addressing Briscoe-Bey's Confrontation Clause argument on the merits, contends that he "does not point to any place or time where he objected to any evidence on the basis of the Confrontation Clause. Therefore the claimed Confrontation Clause error is not subject to review at all." Briscoe-Bey agrees that he did not raise a Confrontation Clause argument in the district court. Nevertheless, we will entertain Briscoe-Bey's Confrontation Clause argument on a plain error basis and thus we reject the government's contention that we cannot review the Confrontation Clause issue. See United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993); Government of the Virgin Islands v. Rosa, 399 F.3d 283, 290 (3d Cir. 2005). But, after making the review, and considering Crawford and Hendricks, we see no basis to reverse by reason of anything in either case as there was not a Confrontation Clause violation in this case.

We have one more point with respect to the conviction. Briscoe-Bey contends that

this case was close but that assertion is simply not accurate. In fact, the evidence against him was overwhelming. While we have not set forth the evidence at length, we do quote the following conversation between Morris and Briscoe-Bey that was recorded at their first meeting in Morris's house which clearly established why they were together:[3]

> MORRIS: What's up big time?
> DEFENDANT: All right baby. What's happening?
> MORRIS: Yeah. I got my little baby man. I can't, you know what I'm saying.
> DEFENDANT: I see she likes you a lot.
> MORRIS: Yeah. That's my baby man uh, I just wanted to rap to you man.
> DEFENDANT: Okay.
> MORRIS: I talked to, I talked to my man. He ain't, he ain't around the city. Said he told me to get with you.
> DEFENDANT: No. he out of town. Right.
> MORRIS: And I told him to got, I be having people wanting to grab them off of me. I need two of them like immediately. You know what I'm saying? I got a nigger that want them right know and shit. So . . .
> DEFENDANT: Ounces?
> MORRIS: The older niggers. Yeah. Not ounces.
> DEFENDANT: You need two keys?
> MORRIS: Yeah. He know I ain't, you know what I'm saying? I told you man.
> DEFENDANT: Yeah, Okay. Uh. . .
> MORRIS: I ain't never got no ounces off of him. Shit.
> DEFENDANT: I hear you. Uh, I can help you out with one.
> MORRIS: All right. I'll just have to put him, you know. . .
> DEFENDANT: What did he, what did he give them to you for?
> MORRIS: He give them to me for 25 but I told the boy I'd give them to him for 24-5 if he get both of them and I just wasn't going to make nothing off the deal. You see what I'm saying.

---

[3]It should be understood that originally the government instructed Morris to make his purchase from another person who turned out to be out of Wilmington at that time. That person, however, referred Morris to Briscoe-Bey. We also point out that in the cocaine business a "key" is a kilogram and the reference to Morris's "little baby" apparently was to his fiance′e who was in the house when Briscoe-Bey arrived.

DEFENDANT: Yeah.
MORRIS: But, I just, I just won't make nothing. . .
DEFENDANT: Yeah. I can only get one.
MORRIS: I'll just tell him I only got one for 25. You know what I'm saying?
DEFENDANT: Okay. Okay.
MORRIS: Hey, hey , hey , hey , hey , hey, hey.
DEFENDANT: Uh, give me about ten minutes.
MORRIS: All right. [Inaudible] . . .all right. Wo, wo, wo, wo, mama. Wo, you okay. Just call when you're out front or something. All right.
DEFENDANT: All right.

App. at 136-37. This conversation obviously reflected the initiation of a narcotics transaction.

Finally, we determine that the sentencing issues Briscoe-Bey raises are addressed best by the district court in the first instance. Thus, we will vacate his sentence and will remand the case to the district court for resentencing.

For the foregoing reasons the judgment of conviction and sentence will be affirmed with respect to the conviction but will be vacated with respect to the sentence and the matter will be remanded to the district court for resentencing.

———————