

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# USA v. Briscoe-Bey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Briscoe-Bey" (2006). *2006 Decisions*. Paper 968.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/968

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3183

———————

UNITED STATES OF AMERICA

v.

CLARENCE BRISCOE-BEY,
                                                     Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
D.C. Crim. 03-cr-00018
District Judge: The Honorable Kent Jordan

———————

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2006

———————

Before: BARRY, SMITH and TASHIMA,[*] Circuit Judges

———————

(Opinion Filed: June 2, 2006)

———————

OPINION

———————

_____

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Clarence Briscoe-Bey appeals his sentence of 188 months' imprisonment on the ground that retroactive application of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), violates the Ex Post Facto clause of the United States Constitution. He also claims that his sentence is unreasonable, and rests on a clearly erroneous factual finding by the District Court. We will affirm.

**I.**

On January 29, 2003, Brisco-Bey sold 997.9 grams of cocaine to Ernest Morris, an undercover informant for the Drug Enforcement Agency ("DEA"). The next day, DEA agents arrested Briscoe-Bey and questioned him. According to Agent David Hughes, Briscoe-Bey made several incriminating statements during the course of the interrogation. First, he admitted to selling cocaine to Morris the day before. Then he admitted that he sold another kilogram of cocaine to Morris earlier in the month. Finally, he stated that he once traveled to Florida with a drug dealer named Nigel, and that the two men drove back from Florida to Delaware with ten to twenty kilograms of cocaine in the trunk of the car.[1]

On March 4, 2003, Briscoe-Bey was indicted for distributing more than 500 grams of cocaine on or about January 29, 2003. *See* 21 U.S.C. § 841(a)(1). He pled not guilty, and was convicted following a jury trial. At the sentencing hearing, the District

---

[1] "Nigel" aka "Naj" was the original target of the DEA investigation. Morris originally attempted to set up a controlled buy from Nigel, but Nigel was out of town and suggested that Morris call Briscoe-Bey.

Court—over Briscoe-Bey's objection—set the quantity of drugs involved at 12 kilograms of cocaine, resulting in a base offense level of 32.[2] Given that offense level and a criminal history category of III, the District Court calculated the Guidelines range as 151-188 months' imprisonment. The Court sentenced Brisco-Bey to 188 months.

Briscoe-Bey appealed. While his appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment. To remedy this violation, the Court, in a separate opinion by Justice Breyer, declared that the Guidelines were no longer mandatory, but merely advisory. *Id.* at 259. Accordingly, although we affirmed Briscoe-Bey's conviction, we vacated his sentence and remanded for resentencing in accordance with our opinion in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc) (adopting a general policy of vacating sentences entered pursuant to pre-*Booker* law). *See United States v. Briscoe-Bey*, 126 Fed. Appx. 551, 554 (3d Cir. 2005).

---

[2] The 12 kilograms included the 997.9 grams Briscoe-Bey sold to Morris on January 29, 2003, the additional kilogram he sold to Morris earlier in the month, and the ten kilograms he brought back to Delaware from Florida with "Nigel." (Although Briscoe-Bey actually spoke of ten to twenty kilograms of cocaine, the District Court decided to "take the low end of the defendant's own estimate and take it at 10 kilograms, not 20." (App. at 545.)) At sentencing, and in a written objection to his Presentence Investigation Report, Briscoe-Bey argued that there was insufficient evidence to establish, by a preponderance, that he was responsible for the additional ten kilograms of cocaine. He contended that the drug weight should be set at "more than 500 grams" (the amount found by the jury), resulting in an offense level of 26 and a Guidelines range of 78-97 months' imprisonment.

On remand, the District Court acknowledged the advisory nature of the Guidelines, reconsidered the relevant conduct enhancement, and addressed the sentencing factors listed in § 3553(a). Ultimately, the District Court imposed an identical sentence of 188 months' imprisonment. Briscoe-Bey again appeals. In this appeal, his primary argument is that because he committed his crime before the Supreme Court decided *Booker*, the District Court violated his rights under the Ex Post Facto principle of fair warning inherent in the Due Process Clause when it sentenced him based on post-verdict findings of fact and retroactively applied the Guidelines as advisory. In the alternative, he claims that his sentence was unreasonable, and that the District Court's factual finding with respect to drug quantity was clearly erroneous.

## II.

### A. Retroactive Applicability of the *Booker* Remedial Opinion

The Ex Post Facto clause, by its terms, is "'a limitation upon the powers of the legislature and does not of its own force apply to the Judicial Branch of government.'" *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)). In *Rogers*, however, the Supreme Court held "that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Id.*

Briscoe-Bey claims that the remedial opinion in *Booker* implicates Ex Post Facto and Due Process concerns because it effectively increased the maximum penalty that can be imposed for federal crimes by allowing judges to sentence above the applicable

4

Guidelines range. Because he committed his crime prior to *Booker*, he argues, he must be

sentenced under the sentencing rules in effect at the time—the pre-*Booker* mandatory

Guidelines scheme. He further contends, however, that his range must be calculated

based solely on facts found by the jury because "*Booker* teaches us that application of

mandatory guidelines based on judge-found facts violated the Sixth Amendment."

(Appellant's Br. at 23-24). He "essentially seek[s] the benefit of retroactive application

of Justice Stevens' opinion in *Booker*, holding that mandatory Guidelines violate the

Sixth Amendment, while avoiding resentencing under Justice Breyer's remedial holding."

*United States v. Vaughn*, 430 F.3d 518, 524 (2d Cir. 2005) (internal citation omitted).

This argument is foreclosed by our recent opinion in *United States v. Pennavaria*,

No. 04-1556, 2006 U.S. App. LEXIS 10180, at *9-*11 (3d Cir. April 24, 2006), in which

we held that "application of *Booker*'s remedial holding to cases pending on direct review

does not violate the ex post facto principle of the Due Process Clause." *Id*. at *11.

**B. Other Challenges to Briscoe-Bey's Sentence**

Briscoe-Bey also claims that the District Court clearly erred by finding him

responsible for 12 kilograms of cocaine, and that his sentence was unreasonable. As to

the former, he contends that there was insufficient evidence to prove the relevant conduct

by a preponderance of the evidence.[3] In *United States v. Campbell*, 295 F.3d 398 (3d Cir.

---

[3] Post *Booker*, "the standard of proof under the guidelines for sentencing facts
continues to be preponderance of the evidence." *United States v. Cooper*, No. 05-1447,
2006 U.S. App. LEXIS 8075, at *13 (3d Cir. April 4, 2006), *amending United States v.*

2002), we found that a defendant's admission to related criminal activities was sufficient to support a relevant conduct enhancement. *Id.* at 407-08. Here, the District Court relied on Bricoe-Bey's admissions and the "surrounding circumstances." (Supp. App. at 55.) The District Court explained:

> [I]t's still my view that the relevant conduct finding is supported by the record, not simply by his confession but by the surrounding circumstances. . . . I think there is a basis where sound inferences can be drawn that corroborate Mr. Briscoe-Bey's confession. The existence of records that show him in regular communication with an individual named Nigel. His statements indicating that he [had] done business previously with Mr. Morris. That evidently shared understanding they had about the common source of drugs. The fact that he showed up with a perfectly packaged brick of cocaine within minutes of being asked for it. That he was going to collect money for a prior deal. All of these things are corroborating information from which fair inference can be drawn that when he said "I've been to Florida and back and brought back kilos of cocaine with Nigel" that he was telling the truth.

(*Id.* at 55-56.) The District Court did not err in finding by a preponderance of the evidence that nearly 12 kilograms of cocaine could be attributed to Brisco-Bey, and applying a six-point enhancement.

Finally, Briscoe-Bey argues that his sentence is unreasonable. The party challenging the sentence has the burden of demonstrating unreasonableness. *United States v. Cooper*, No. 05-1447, 2006 U.S. App. LEXIS 8075, at *18 (3d Cir. April 4, 2006), *amending United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). We are satisfied that the District Court "exercised its discretion by considering the relevant factors" of 18

---

*Cooper*, 437 F.3d 324 (3d Cir. 2006).

6

U.S.C. § 3553(a), and applied them reasonably in arriving at a sentence. *Id*. at *9-*10.

The District Court heard argument and ruled on objections from counsel on both sides. It gave due attention to the applicable Guidelines range and to Briscoe-Bey's request for a lighter sentence. It noted the serious nature of the offense as well as his extensive criminal history. It considered his good behavior in prison and assertions of rehabilitation. It imposed a sentence within the Guidelines range. *See Cooper*, 2006 U.S. App. LEXIS 8075, at *18 (noting that a sentence within the Guidelines range is more likely to be reasonable).

The District Court is in "the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. at *14. We conclude that the sentence imposed by the Court is reasonable.

**III.**

We will affirm the judgment of sentence.