

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2006

# USA v. Pennavaria

Precedential or Non-Precedential: Precedential

Docket No. 04-3556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Pennavaria" (2006). *2006 Decisions*. Paper 1173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3556

———

UNITED STATES OF AMERICA,

Appellant,

v.

THOMAS PENNAVARIA,
a/k/a TOMMY

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-28)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, Circuit Judges, and
RESTANI,* Judge.

(Filed: April 24, 2006 )

————————

*Honorable Jane A. Restani, Chief Judge of the United
States Court of International Trade, sitting by designation.

———————————————————

OPINION OF THE COURT

———————————————————

FUENTES, Circuit Judge.

The Government appeals Thomas Pennavaria's 46-month prison sentence for money laundering conspiracy and substantive money laundering. The Government seeks a remand for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), arguing that the District Court erred when it refused to increase Pennavaria's sentence on the basis of judge-found facts. In response, Pennavaria contends that his sentence was lawfully imposed and that a remand for resentencing would violate the ex post facto principles of the Due Process Clause. For the reasons stated below, we will vacate Pennavaria's sentence and remand the case for resentencing under Booker.

## I. Background

Thomas Pennavaria operated a car lot, J&B Motorcars ("J&B"), in Murraysville, Pennsylvania, near Pittsburgh. Between January 30, 1998, and July 24, 2001, Pennavaria used J&B to conduct money laundering transactions with various co-conspirators. Specifically, Pennavaria obtained already-leased luxury vehicles in exchange for his assurance that he would make the required payments on the leases. Pennavaria then "sub-leased" these luxury vehicles for a premium—including a substantial cash down payment in addition to monthly payments—to members of a massive cocaine and crack cocaine conspiracy based in Philadelphia. The vehicles remained titled and registered in the name of the original lessor, the original lessee, or one of Pennavaria's business names, such as J&B or Leasing Unlimited. The "sub-lease" arrangements were hidden from both the original lessor and the Commonwealth of Pennsylvania. Pennavaria's co-conspirators used these vehicles in Philadelphia for a variety of drug transactions and related affairs, including drug-related shootings.

2

Pennavaria was indicted on October 24, 2002, along with 36 co-defendants. The 135-count indictment included charges for cocaine and crack cocaine distribution conspiracy, in violation of 21 U.S.C. § 846; various drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860; use of telephones in furtherance of drug crimes, in violation of 21 U.S.C. § 843; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); substantive money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B); and firearms offenses, in violation of 18 U.S.C. §§ 924(c), 922(g), and 922(j). Pennavaria was charged only with money laundering conspiracy and substantive money laundering.

On April 14, 2004, Pennavaria entered a plea of guilty to all counts, pursuant to a written plea agreement. At sentencing, the District Court stated its view that the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004), limited the facts district courts could consider at sentencing to those found by a jury beyond a reasonable doubt or admitted by the defendant. As a result, the District Court refrained from making the factual findings at Pennavaria's sentencing that would have been necessary to support the following recommendations included in Pennavaria's Presentence Investigation Report ("PSR"): a six-level increase in the offense level for knowing that the laundered funds were the proceeds of, or were intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance; two additional criminal history points for committing the offense while on supervised release; and one additional criminal history point for committing the offense less than two years after being released from custody. The Government objected to the District Court's approach in a sentencing memorandum and at Pennavaria's sentencing hearing.

Based on its interpretation of Blakely, the District Court calculated a sentencing range of 37-46 months' imprisonment, far below the range of 84-105 months recommended by the PSR. The Government objected to the District Court's sentencing range calculation and requested alternative sentencing findings in light of the uncertainty created by Blakely. In response, the District Court observed, "I will say that if the guidelines were not applicable at all, that I would sentence here to at least double what I have

3

imposed because of the incorrigibility of the defendant." (App. 226.) Later in the proceedings, the District Court made the following comments to Pennavaria:

> Well, you got a major league break on June 24th, 2004, when the Supreme Court decided the <u>Blakely</u> case. And I'm obliged to follow the law. As it seems to me it requires me to do certain things, and I have done them here, which have benefitted you immensely.
>
> And I must tell you, Mr. Pennavaria, I'm troubled by it, because I do agree with what Ms. Winters has said. You are an intelligent man and you have three prior federal convictions. . . . And that troubles me very much. And you should know better. And while I'm not making any findings on this, I certainly heard the testimony of Mr. Isaacs, I think at least twice if memory serves me correctly in the various trials we have had heard here, and it was rather sorted [sic] it seems to me. So it's not antiseptic, as counsel is doing his job, depicts it. It was not antiseptic at all.

(App. 225.) The District Court imposed a sentence of 46 months, the top of the guidelines range. The Government filed a timely notice of appeal.

## II. Discussion

The Government appeals the District Court's sentence based on the Supreme Court's decision in <u>United States v. Booker</u>. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Because the Government preserved this error before the District Court, we will review for harmless error. Fed. R. Crim. P. 52(a). Harmless error is that which "did not affect the district court's selection of the sentence imposed." <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

In <u>Booker</u>, the Supreme Court held that, under the Sixth

4

Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The Supreme Court therefore ruled that the Federal Sentencing Guidelines were unconstitutional because they required district courts to impose mandatory sentencing enhancements based on facts found by the court alone. The Booker remedial opinion addressed this constitutional infirmity by excising 18 U.S.C. § 3553(b)(1), which provided for the mandatory application of the Guidelines, thereby rendering the Guidelines "effectively advisory." Id. at 245.

In United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), we discussed the two types of claims generally presented by direct appeals of sentences imposed prior to Booker: Sixth Amendment claims challenging sentences enhanced by judicial factfinding; and claims that the district court erroneously treated the Guidelines as mandatory rather than advisory. With respect to the latter claims, we explained that where a district court imposes a sentence with the belief that the Sentencing Guidelines are mandatory rather than advisory, plain error is established because "prejudice can be presumed." Id. at 165. We thus stated that "[w]here an appellant raises a Booker claim and establishes plain error . . . we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance." Id. at 166.

Here, the District Court committed error when it treated the Guidelines as mandatory rather than advisory. See Booker, 543 U.S. at 245 (holding that the Guidelines are "effectively advisory"). As we stated in Davis, we presume plain error when a district court imposes a sentence under a mandatory Guidelines scheme. Davis, 407 F.3d at 165. Accordingly, Davis instructs us to vacate Pennavaria's sentence and remand this case to the District Court for resentencing in light of Booker.

Pennavaria opposes a remand for resentencing, arguing that the ex post facto principle of the Due Process Clause will be

5

violated if he receives a sentence for pre-<u>Booker</u> conduct that is above the maximum of the applicable Guidelines range established by his admissions. According to Pennavaria, application of the <u>Booker</u> remedy—<u>i.e.</u>, resentencing under an advisory Guidelines scheme—is unconstitutional because it would expose him to an <u>ex post facto</u> increase in his maximum sentence from the 46 months he received under the mandatory Guidelines as applied by the District Court, to the maximum of 20 years per count under the statute of conviction, 18 U.S.C. § 1956(a). Under this view, any sentence above the 37-46 month Guidelines range, which the District Court calculated without engaging in judicial fact-finding, would constitute an <u>ex post facto</u> increase in the maximum sentence and would violate Pennavaria's due process rights. In other words, Pennavaria contends that he is entitled to benefit from <u>Booker</u>'s constitutional holding while avoiding the effects of its remedial holding.

The <u>Ex Post Facto</u> Clause of the Constitution prohibits application of a law enacted after the date of the offense that "inflicts a greater punishment, than the law annexed to the crime when committed." <u>Calder v. Bull</u>, 3 U.S. 386, 390 (1798). Although the <u>Ex Post Facto</u> Clause, by its terms, applies only to acts by the legislature and not the judiciary, the Supreme Court has made clear that "limitations on <u>ex post facto</u> judicial decision-making are inherent in the notion of due process." <u>Rogers v. Tennessee</u>, 532 U.S. 451, 456 (2001); <u>see also</u> <u>Helton v. Fauver</u>, 930 F.2d 1040, 1044-45 (3d Cir. 1991). The <u>Rogers</u> Court explained that such limitations are derived from "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." <u>Rogers</u>, 532 U.S. at 459.

Pennavaria's <u>ex post facto</u> argument fails for two reasons. First, the Supreme Court in <u>Booker</u> clearly instructed that both of its holdings should be applied to all cases on direct review. 543 U.S. at 268 ("we must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on direct review"). Second, Pennavaria had fair warning that participating in a money

6

laundering conspiracy and engaging in substantive money laundering was punishable by a prison term of up to 20 years under 18 U.S.C. § 1956(a). Pennavaria also had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum. For these reasons, we join the other Courts of Appeals that have addressed this issue and hold that application of Booker's remedial holding to cases pending on direct review does not violate the ex post facto principle of the Due Process Clause. See United States v. Lata, 415 F.3d 107 (1st Cir. 2005); United States v. Vaughn, 430 F.3d 518 (2d Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); United States v. Wade, 435 F.3d 829 (8th Cir. 2006); United States v. Dupas, 417 F.3d 1064 (9th Cir.), amended by 419 F.3d 916 (9th Cir. 2005); United States v. Rines, 419 F.3d 1104 (10th Cir. 2005); United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005); United States v. Alston-Graves, 435 F.3d 331 (D.C. Cir. 2006).

### III. Conclusion

For the foregoing reasons, we will vacate the sentence and remand this case to the District Court for resentencing in light of Booker.