

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# USA v. Spivey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2751

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Spivey" (2006). *2006 Decisions.* Paper 1041.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1041

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 05-2751

————

UNITED STATES OF AMERICA

v.

LAWRENCE SPIVEY
a/k/a DARRYL SPIVEY

Lawrence Spivey,
Appellant

————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00562)
District Judge:  Hon. Michael M. Baylson

————

Submitted Pursuant to Third Circuit LAR34.1(a)
May 19, 2006

BEFORE:  McKEE and STAPLETON, <u>Circuit Judges</u>,
and McCLURE,* <u>District Judge</u>

(Filed: May 25, 2006)

————

———————————

* Hon. James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

STAPLETON, <u>Circuit Judge</u>:

In June 2002, Lawrence Spivey was stopped by police officers because he resembled a suspect in a bank robbery. In the course of a pat down, a loaded handgun was discovered in Spivey's back pocket. As a convicted felon, Spivey was barred from carrying a firearm under federal law. In January 2004, Lawrence Spivey pled guilty to felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

In April 2004, Spivey was sentenced under the Sentencing Guidelines. At his sentencing, the District Court took account of two prior convictions for drug distribution, the fact that the instant offense occurred while Spivey was on parole, and the fact that the instant offense occurred within two years of his release from prison. The District Court also took account of Spivey's acceptance of responsibility. The Guidelines calculation, not disputed by Spivey, yielded a recommended sentencing range of 57 to 71 months. The District Court sentenced Spivey to 66 months of imprisonment. He appealed to this Court, contending that the District Court wrongly refused to suppress the evidence obtained in the initial search.

In January 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220

(2005), which, as we have had numerous occasions to explain, consisted of two holdings. First, the Court held that the Sentencing Guidelines were unconstitutional insofar as they required district courts to impose mandatory sentencing enhancements based on judge-found facts. *Booker*, 543 U.S. at 244 (opinion of Stevens, J.). Second, the Court found that excising 18 U.S.C. § 3553(b)(1) – the provision that mandated that district courts impose sentences within Guidelines ranges – remedied this constitutional violation. *Booker*, 543 U.S. at 245 (opinion of Breyer, J.). These holdings were applied to all cases on direct review. *Id.* at 268. We subsequently held that "defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal may be able to demonstrate plain error and prejudice" and thus "[w]e will remand such cases for resentencing." *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005).

Spivey's case was among those cases pending on direct appeal that were remanded for resentencing in accordance with the newly-advisory Sentencing Guidelines. On resentencing, Spivey's counsel argued that the proper Sentencing Guidelines range was 21-27 months because the first holding of *Booker* precluded the District Court from using judge-found facts to enhance his sentence, and the second holding of *Booker* would, if applied to him, violate the principles of fair notice embodied in the Ex Post Facto Clause and the Due Process Clause of the Constitution. The District Court rejected this argument and found the now-advisory sentencing calculation yielded the same range as when the Guidelines were mandatory. The District Court imposed a sentence of 62 months – reducing the sentence based on Spivey's good behavior in prison. Spivey appeals from

this sentence.

While the Ex Post Facto Clause bars only legislatures from retroactively expanding the scope of criminal laws, courts are "barred by the Due Process Clause from achieving precisely the same result by judicial construction." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964). This rule derives from "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning." *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001). It applies with equal force to retroactive expansions in criminal liability and to "after-the-fact increases in the degree of punishment." *Helton v. Fauver*, 930 F.2d 1040, 1045 (3d Cir. 1991). Judicial constructions that are "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue" must not be given retroactive effect. *Rogers*, 532 U.S. at 462.

Spivey argues that the remedial holding of *Booker* – by removing the mandated maximum of the Guidelines range – exposed him to the full statutory range of punishment rather than the smaller Guidelines range and was sufficiently "unexpected and indefensible by reference to the law" in existence in 2002 so that we may not give this portion of the decision retroactive effect. Thus, he argues that a combination of the Sixth Amendment and the Due Process Clause requires that he be sentenced to no more than the

4

maximum in the range as calculated under the Sentencing Guidelines based only on the facts either proved to a jury or admitted.

Spivey's argument fails because he is asking us to reverse precedent we are powerless to reverse.[1] In *Booker*, the Supreme Court instructed that courts "must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review." *Booker*, 543 U.S. at 268. By opting for this remedy, explicitly rejecting the remedy of restricting sentencing entirely to jury-found facts, and instructing that this remedy be applied to all cases on direct review, the

---

[1] Spivey's ex post facto claim may fail for other reasons as well. It is unclear, for example, how *Booker* worked to Spivey's detriment. He received a 66 month sentence under the mandatory sentencing regime, and a 62 month sentence under the advisory sentencing regime. "It is axiomatic that for a law to be ex post facto it must be more onerous than the prior law." *Dobbert v. Florida*, 432 U.S. 282, 294 (1977). It is true that "one is not barred from challenging a change in the penal code on ex post facto grounds simply because the sentence he received under the new law was not more onerous than that which he might have received under the old." *Id.* at 300. Defendants can challenge changes in sentencing laws that make it either more difficult for the court to impose a shorter sentence than the defendant received or easier to impose the longer sentence that the defendant received. *See Lindsey v. Washington*, 301 U.S. 397; *Miller v. Florida*, 482 U.S. 423 (1987). But it is unclear whether a new sentencing regime that imposes the same sentence based on suggestion rather than mandate works to "make more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). The Court has also instructed that no ex post facto claim could be raised by a defendant sentenced to death based on a change in the capital punishment law related to life sentences, since "the change has had no effect on the defendant in the proceedings of which he complains." *Id.* Here, too, Spivey is complaining about a sentence he did not receive – a sentence exceeding the previously mandated maximum under the Guidelines. But because the notice issue is clearly controlled by precedent, we need not decide whether a defendant can make out an ex post facto claim based on the *unutilized* discretion of the District Court to impose a sentence above the previously mandated maximum.

*Booker* Court at least implicitly decided that no fair notice problem was presented.

Moreover, our Court has already rejected this very argument:

> [Defendant's] *ex post facto* argument fails for two reasons. First, the Supreme Court in *Booker* clearly instructed that both of its holdings should be applied to all cases on direct review. Second, [the defendant] had fair warning that participating in a money laundering conspiracy and engaging in substantive money laundering was punishable by a prison term of up to 20 years under 18 U.S.C. § 1956(a). [Defendant] also had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum.

*United States v. Pennavaria*, 2006 WL 1061956 (Apr. 24, 2006) (citations omitted).

As we pointed out in *Pennavaria*, nine other Courts of Appeal have similarly held that the remedy adopted by the Supreme Court in *Booker* does not deprive a defendant of the fair notice required by the Due Process Clause. By demanding that his sentence conform to a range calculated under the Sentencing Guidelines based only on jury-found or admitted facts, Spivey advocates a different remedy for the Sixth Amendment violation identified by the Supreme Court in Justice Stevens's opinion in *Booker* than the remedy chosen by the Supreme Court in Justice Breyer's opinion in *Booker*. We cannot find that the Due Process Clause requires this result.[2]

---

[2] Because precedent controls this question, we do not need to confront the second portion of Spivey's argument. Spivey and the government dispute whether the facts found by the District Court fall into the exception the Supreme Court has identified for "the fact of a prior conviction." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Booker*, 543 U.S. at 244. Because no Due Process Clause violation is presented by the use of judge-found facts in the advisory capacity in which they were used in this case, we need not decide whether these facts were of the sort of sentence-enhancing facts that, if found by a judge rather than a jury, would violate the Sixth Amendment jury right.

We will affirm the judgment of the District Court.