

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# USA v. Sparks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sparks" (2006). *2006 Decisions.* Paper 926.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/926

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2980

UNITED STATES OF AMERICA

v.

JESSE L. SPARKS,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-00364-1)
Honorable Malcolm Muir, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 1, 2006

BEFORE: AMBRO, FUENTES, and GREENBERG, Circuit Judges,

(Filed: June 9, 2006)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on Jesse L. Sparks' appeal from a sentence

the district court imposed on him after the Supreme Court decided United States v.

Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Sparks, while a prisoner at FCI-Allenwood,

on October 15, 2002, assaulted Rico Woodland, another prisoner at FCI-Allenwood, resulting in Woodland suffering massive injuries. Although the grand jury returned a five-count indictment against Sparks, ultimately on August 20, 2004, he pleaded guilty pursuant to a written agreement to a single count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). A significant provision of the plea agreement provided that the government reserved "the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable."

Following his guilty plea, the probation department prepared a presentence report which, as revised, calculated a guideline range of 46 to 57 months. As it happened, however, the Supreme Court decided Booker on January 12, 2005, before the district court sentenced Sparks. Clearly, the district court considered that the proposed guideline range was too low as on January 14, 2005, it entered an order taking note of Booker and indicating that it had discretion to deviate from what, under Booker, had become an "advisory" guideline range. Thus, the court in its order advised Sparks that it was considering imposing a sentence "substantially" above the guideline range but was giving him an opportunity to file a motion to withdraw his plea of guilty.

After the court entered its January 14, 2005 order, Sparks knew from the plea agreement and the January 14, 2005 order that the government could recommend that the court impose the maximum sentence allowed by law,[1] the guidelines had become

---

[1]He does not contend that the court imposed a sentence that exceeded that maximum sentence allowed by law.

2

advisory, and the court was considering imposing a sentence substantially above the guideline range. Nevertheless, Sparks did not seek to withdraw his guilty plea. The court further emphasized the possibility that it would sentence Sparks to a sentence in excess of the range set forth in the presentence report when on February 22, 2005, it directed the government to file a motion for an upward departure from the proposed guideline range in the presentence report. The government subsequently filed that motion and, though Sparks filed a brief in opposition to the motion for the upward departure, he did not seek to withdraw his guilty plea. On May 19, 2005, the court increased Spark's guideline range to 70 to 87 months predicated on a 4-level upward departure. Then, on June 3, 2005, the court sentenced Sparks to a ten-year term of imprisonment to run consecutively to the sentence he then was serving to be followed by a three-year period of supervised release.

Sparks' appeal raises the following issues:

> The district court erred in imposing a sentence above the advisory guidelines based on Booker, because [the sentence] violates the ex post facto clause of the United States Constitution.

> The district court erred in imposing a sentence above the advisory guideline, because the factors upon which the upward departure was based were already adequately considered by the sentence commission and such upward departure constituted double counting.

Appellant's br. at 2.

We reject Sparks' ex post facto argument as our opinion in United States v. Pennavaria, 445 F.3d 720 (3d Cir. 2006), forecloses it. In Pennavaria we explained that

3

the Supreme Court in <u>Booker</u> said that that case applied to all cases then on direct review. <u>Id</u>. at 723. Accordingly, it logically follows that <u>Booker</u> must apply in this case in which the district court imposed the sentence after the Court decided <u>Booker</u>. Thus, we cannot find that there is an <u>ex post facto</u> violation in this case unless we disregard <u>Booker</u>, a step we will not take.

We also reject Spark's second argument. In light of the brutal beating that Sparks inflicted on Woodland and Woodland's terrible injuries, the district court was justified in concluding that the proposed 46 to 57-month sentencing range was unreasonably low. Overall, it is clear that the court was fully justified in imposing the sentence it did.

The judgment of conviction and sentence entered June 3, 2005, will be affirmed.