

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# USA v. Presley

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Presley" (2006). *2006 Decisions.* Paper 860.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/860

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3307
_____

UNITED STATES OF AMERICA

v.

RAHEIAN PRESLEY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-CR-000294-1)
District Judge: Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] Circuit Judges.

_____

(Filed: June 21, 2006 )
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

CHAGARES, Circuit Judge.

Raheian Presley committed nine bank robberies prior to the Supreme Court of the United States' decision in United States v. Booker, 543 U.S. 220 (2005). After he was apprehended, Presley pleaded guilty to nine counts of bank robbery and the district court sentenced him to 133 months in federal prison. On appeal, Presley contends, *inter alia*, that the *ex post facto* principle implicit in the Due Process Clause of the Fifth Amendment prevents the application of Booker's remedial holding to his pre-Booker conduct. For the reasons that follow, we affirm.

I.

Between July 2003 and April 2004, Presley committed nine bank robberies in the City of Philadelphia. After his ninth heist, a teller provided police with a description of the perpetrator, and Presley was arrested shortly thereafter. Presley was later charged with nine counts of bank robbery. See 18 U.S.C. § 2113(a).

Presley pleaded guilty to all nine counts. At sentencing, the district court calculated the advisory Guidelines by finding facts regarding Presley's criminal history that were not admitted in the guilty plea. Specifically, the court found that Presley had prior convictions for felony drug trafficking and carjacking. On that basis, it treated Presley as a career offender pursuant to U.S.S.G. § 4B.1.1. This produced a sentencing range of 151 to 188 months. The court then considered this advisory range and other factors relevant to sentencing. After accounting for a consecutive "backtime" sentence

2

from the Pennsylvania state authorities, the district court imposed a sentence of 133 months. Presley now appeals.

II.

Presley argues that because he committed his crimes prior to the Supreme Court's decision in Booker, *ex post facto* principles prevent the application of Justice Breyer's remedial opinion here. Our Court recently rejected this precise argument in United States v. Pennavaria, 445 F.3d 720 (3d Cir. 2006). Our decision recognized that the Supreme Court in Booker explicitly directed that its holdings be applied to all cases on direct review. Id. at 723 (citing Booker, 543 U.S. at 268). This case is on direct review and, accordingly, Booker will be applied.

Presley's *ex post facto* argument also fails under Pennavaria because he had fair warning that his crimes were punishable by a prison term of up to twenty years under 18 U.S.C. § 2113(a). See id. Further, in Pennavaria we held that a defendant who engaged in criminal conduct prior to Booker "had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum." Id. at 723-24. Presley's 133-month sentence did not exceed the statutory maximum and, thus, did not offend the *ex post facto* principle implicit in the Due Process Clause.

III.

Because Presley's *ex post facto* argument fails, we need not address his contention that Booker (shorn of its remedy) and Shephard v. United States, 544 U.S. 13 (2005), prevent the application of a career-offender enhancement in this case.

IV.

Based on the foregoing, we will affirm the district court's judgment.