

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# USA v. Muhammad

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Muhammad" (2006). *2006 Decisions*. Paper 622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-2510

————————

UNITED STATES OF AMERICA

v.

SALAHUDDIN MUHAMMAD,
                                    Appellant

——————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim No. 02-cr-00128-1)
District Judge:   Honorable Joseph J. Farnan, Jr.

——————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2005
Before:   SMITH, WEIS and ROTH, <u>Circuit</u> <u>Judges</u>.
(Filed: August 3, 2006)

——————

<u>OPINION</u>

————————


WEIS, <u>Circuit Judge</u>.

       Defendant pleaded guilty to one count of possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was sentenced to 110-months

1

imprisonment and 36 months of supervised release.

Defendant fled from United States Marshals who attempted to arrest him for a state firearm offense. After leading the Marshals on a high-speed chase, he eventually stopped his car, ran to a retail store where he threw away a gun, and attempted to hide by crawling into a ceiling space.

In calculating the sentence applicable under the Guidelines, the District Court added enhancements for reckless endangerment, use of a firearm, and possession of a stolen firearm. The District court granted defendant credit for acceptance of responsibility. The resulting sentencing range was 110 months to 137 months. The statutory maximum was 120 months.

The District Court stated that the defendant belonged within the range calculated and imposed a sentence at the lower end remarking, "I have to take into consideration in my mind the shooting and the arrest circumstances. And that's why I haven't gone below the 110 months."

On appeal, defendant contends that his sentence violates the *ex post facto* principles of the Due Process Clause of the Fifth Amendment and the Sixth Amendment right to trial by jury because the mandatory Guideline range at the time of his offense would have been 51 to 63 months. He also argues that using the Category V criminal history level in calculating his sentence violated his right to trial by jury because the prior conviction exception to the Sixth Amendment, as set out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), is no longer viable and is likely to be overturned.

2

As defendant implicitly recognizes, the Supreme Court has advised on numerous occasions that it reserves to itself the right to reverse its holdings, rather than granting such authority to the courts of appeals. See e.g., Hohn v. United States, 524 U.S. 236, 252-53 (1998) (noting that the Supreme Court's "decisions remain binding precedent until [it] see[s] fit to reconsider them..."). The defendant, however, has duly noted his position in the record here with respect to the asserted Fifth and Sixth Amendment violations in the event those objections become relevant in the future.

The defendant's *ex post facto* argument is that Booker v. United States, 543 U.S. 220 (2005), expands the punishment that was in effect at the time his crime was committed by permitting a sentence above the Guideline range. He is arguing, in effect, that Booker affects him retroactively to his detriment. We rejected this argument in United States v. Pennavaria, 445 F.3d 720, 723-24 (3d Cir. 2006).

The basic premise underlying the prohibition on the *ex post facto* application of criminal statutes rests on the theory of fair warning – that it is not just to define conduct as criminal when it was not so regarded at the time the conduct was committed. Here, the sentence was within the statutory limit of ten years that existed at the time defendant committed his offense.

We have reviewed the district judge's sentence colloquy and are persuaded that he considered the proper factors in sentencing the defendant.

Accordingly, the Judgment of the District Court will be affirmed.

3