

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2006

# USA v. Neary

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Neary" (2006). *2006 Decisions*. Paper 342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4130

UNITED STATES OF AMERICA

v.

CHRISTOPHER D. NEARY,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 03-cr-00441
District Judge: Hon. Dennis M. Cavanaugh

Submitted under Third Circuit LAR 34.1(a)
on July 11, 2006

Before: SMITH, ALDISERT, and ROTH, <u>Circuit Judges</u>

(Opinion Filed: October 10, 2006)

OPINION

**ROTH**, <u>Circuit Judge</u>:

Christopher Neary appeals from the judgment of sentence imposed by the United States District Court for the District of New Jersey. For the reasons stated below, we will affirm the order of the District Court.

## I. Background and Procedural History

As the parties are familiar with the facts and procedural posture of this case, we will provide only a brief synopsis of the events leading up to this appeal.

On March 27, 2003, Christopher Neary was arrested for committing a bank robbery in the Chester Springs Mall in Chester, New Jersey. He was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113. On August 8, 2003, Neary entered a guilty plea. The Probation Office prepared a pre-sentence investigation report (PSR) which recommended (1) a base offense level of 20 pursuant to U.S.S.G. § 2B3.1, (2) a 2-level upward adjustment under U.S.S.G. § 2B3.1(b) because the offense involved property taken from a financial institution, (3) an upward enhancement as a career offender pursuant to U.S.S.G. § 4B1.1, and (4) a 3-level reduction for acceptance of responsibility. The PSR calculated Neary's criminal history score as 15, which placed him in category VI. Neary objected to the Probation Office's career offender calculation.

On August 11, 2003, the District Court conducted a sentencing hearing and determined that Neary's three previous convictions for bank robberies were separate and distinct and thus unrelated for purposes of U.S.S.G. § 4A1.2. This determination meant

2

that Neary qualified as a career offender. The District Court then concluded that the applicable Guidelines range was 151-188 months and sentenced Neary to a term of 170 months imprisonment.

Neary appealed the sentence on two grounds. He contends, first, that the District Court erred in determining that he was a career offender, and, second, that the District Court erred in failing to depart downward. In a non-precedential opinion issued on June 24, 2004, we affirmed the Judgment and Commitment Order because the District Court's determination that the prior bank robberies were unrelated was easily supported by the record and we lacked jurisdiction to review the District Court's discretionary decision not to depart downward.

Neary petitioned for rehearing on the basis of Blakely v. Washington, 542 U.S. 296 (2004), which was issued the same day as our opinion affirming the District Court. After the opinion in United States v. Booker, 543 U.S. 220 (2005), was issued, we remanded the case for resentencing. The District Court resentenced Neary on August 29, 2005, to the same term of imprisonment (170 months). Neary appealed again. He now raises three claims of error. First, he asserts that the District Court erred in applying the career offender enhancement under U.S.S.G. § 4B1.1 because the District Court purportedly engaged in impermissible fact-finding resulting in a violation of the Sixth Amendment. Second, Neary claims that the District Court violated the Ex Post Facto and Due Process Clauses by resentencing him to 170 months when, Neary claims, he faced a

3

"statutory maximum" Guidelines range of 71 months under the former mandatory

Guidelines regime. Finally, Neary argues that his sentence is unreasonable, in part

because the District Court allegedly failed to consider adequately the 18 U.S.C. § 3553(a)

factors. **II. Jurisdiction and Standard of Review**

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 ("The district

courts of the United States shall have original jurisdiction . . . of all offenses against the

laws of the United States."). We have jurisdiction under 28 U.S.C. § 1291. Also, we

have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. §

3742(a)(1). United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). Neary has the

burden of demonstrating the unreasonableness of the sentence. Id. at 332.

**III. Discussion**

**A. Sixth Amendment Claim**

Neary argues that the District Court violated the Sixth Amendment by finding that

his prior convictions were unrelated and were crimes of violence within the meaning of

U.S.S.G. § 4B1.1. Neary makes his Sixth Amendment argument principally on the basis

of two Supreme Court cases: Almendarez-Torres v. United States, 523 U.S. 224, 226-27

(1998), and Shepard v. United States, 544 U.S. 13 (2005). As the following discussion

will demonstrate, Neary's argument is unavailing.

In Almendarez-Torres, the Court held that the fact of a prior conviction can be

used to enhance a sentence even if that fact is not stated in the indictment or proved to the

4

jury beyond a reasonable doubt. 523 U.S. at 239-244. We have previously recognized that the ruling of Almendarez-Torres has been undercut by the Supreme Court's sentencing jurisprudence culminating in Booker. United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005). Nevertheless, Almendarez-Torres remains good law. Id.

In Shepard, the Court addressed the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which mandates a minimum sentence of 15-years for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. The Shepard Court was faced with the question whether a sentencing court could look to police reports or complaint allegations in deciding whether a previous guilty plea was necessary for a "generic burglary," a determination that makes a burglary a violent felony and thus subject to consideration for ACCA purposes. 544 U.S. at 16-17. Shepard concluded that using such materials was improper and that courts sentencing under the ACCA were limited to certain documents that more definitively set forth the nature of the crime of conviction. Id. at 26. The Court based its decision on congressional intent in enacting the ACCA and noted the potential Sixth Amendment issues that were attendant to an approach that would enable the District Court to find facts that "increas[ed] the ceiling of a potential sentence." Id. at 23-25.

The fatal flaw in Neary's argument is that, post-Booker, the District Court's determinations that the previous crimes were crimes of violence and were unrelated–assuming, *arguendo*, that these were factual determinations–did not expose

Neary to punishment beyond the statutory maximum for his offense of conviction and, therefore, do not constitute impermissible judicial fact-finding. See United States v. Miller, 417 F.3d 358, 363 (3d Cir. 2005).

Shepard's reticence to allow judicial fact-finding beyond the mere fact of a prior conviction in ACCA cases is understandable because such fact-finding had the potential to increase the defendant's exposure to punishment. To illustrate: the defendant in Shepard pled guilty to being a felon in possession of a firearm, which exposed him to a statutory maximum term of 10 years imprisonment under 18 U.S.C. § 924(a)(2). Applying the ACCA's 15-year minimum sentence upon a judicial assessment of facts beyond those authorized to be found by Almendarez-Torres would therefore have violated Booker. Id. at 26-27 (Thomas J., concurring).

In this case, to the contrary, the District Court's determination that Neary's previous crimes were unrelated crimes of violence did not "increase the ceiling of [Neary's] potential sentence." In an advisory Guidelines regime, the statutory maximum for Neary's bank robbery conviction is twenty years. 18 U.S.C. § 2113(a). The District Court, applying the Guidelines in an advisory fashion per Booker, sentenced him to slightly more than 14 years. Pursuant to Booker's basic logic, the judicial fact-finding of the characteristics of Neary's prior convictions did not expose him to punishment beyond the statutory maximum. Accordingly, the determination that the prior offenses were crimes of violence did not constitute a Sixth Amendment violation.

6

**B.  Ex Post Facto and Due Process Claims**

Neary's next argument is that imposition of a 170-month sentence is impermissible because applying Booker's remedial holding to him retroactively increases his punishment in violation of the Ex Post Facto Clause and Due Process notice requirements.[1]  We disagree.

We have already held that applying Booker's remedial holding to petitioners in Neary's position does *not* violate Ex Post Facto or Due Process Clause principles. Pennavaria, 445 F.3d at 723-24; see also e.g., United States v. Vaughn, 430 F.3d 518, 525 (2d Cir. 2005) (joining five other courts in rejecting due process/ex post facto challenges to the retroactive application of Booker's remedial holding).  Booker itself expressly provided that *both* of its holdings should be applied to pending cases.  Pennavaria, 445 F.3d at 723-24 (citing Booker, 543 U.S. at 268).  Moreover, Neary had fair warning that his conduct was criminal, that the statutory maximum penalty was twenty years, and that judicial fact-finding could affect where his sentence fell within the range authorized by the facts he admitted in his plea.  Id.  Booker's remedial holding did not change any of that.  Indeed, Neary received the same sentence both pre- and post-Booker.

**C.  Reasonableness**

---

[1]The Ex Post Facto Clause itself does not apply to judicial decisions. United States v. Pennavaria, 445 F.3d 720, 723-24 (3d Cir. 2006).  However, "'limitations on *ex post facto* judicial decision-making are inherent in the notion of due process.'"  Id. (quoting Rogers v. Tennessee, 532 U.S. 451, 456 (2001)).

Neary's final argument is that the District Court's 170-month sentence is unreasonable, in large part because the District Court relied on matters discussed in the first sentencing proceeding and allegedly failed to consider all of the 18 U.S.C. § 3553(a) factors. Once again, we find Neary's arguments unpersuasive.

When reviewing a sentence for reasonableness, we must satisfy ourselves that the District Court "exercised its discretion by considering the relevant [§ 3553(a)] factors." Cooper, 437 F.3d at 329. Also, the District Court must address the arguments raised by the defendant. See, e.g., id.

It is plain that the District Court considered the § 3553(a) factors in this case and addressed Neary's concern that his criminal history was less severe than the Guidelines range reflected. The District Court specifically incorporated its previous discussion of the seriousness of Neary's crimes and his past criminal history. The District Court then stated:

> I refer to the Public Defender's letter, on page two, under 18 U.S.C. Section 3553, where he refers to the purposes for the sentencing, and, specifically, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant, and to provide the Defendant with needed education or vocational training, medical care, or other correctional treatment in a most effective manner.
>
> Those things have been considered. I do consider those. But under all of the circumstances, I don't see any reason why I should deviate from the sentence that I imposed the last time till today. I don't see anything different. I recognize that the guideline range is advisory, but I don't see anything that's changed since the other sentencing.

8

The fact that the District Court did not mechanically analyze each distinct factor does not compel a conclusion that if failed to consider adequately the § 3553(a) factors. See Cooper, 437 F.3d at 329 ("Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."). Based on the entirety of the sentencing proceeding, we are convinced that the District Court met its responsibilities under § 3553(a) and our decision in Cooper, and we conclude that Neary has failed to meet his burden of establishing unreasonableness.

**IV. Conclusion**

For the reasons stated above, we will affirm the District Court's judgment of sentence.