

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# USA v. Bruce

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3609

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bruce" (2007). *2007 Decisions*. Paper 168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3609

UNITED STATES OF AMERICA

v.

WILLIAM R. BRUCE, III,

Appellant

(D.C. No. 00-cr-00281-1)

No. 06-3669

UNITED STATES OF AMERICA

v.

JOHN CIOFFI MUSSARE, III,

Appellant

(D.C. No. 00-cr-00281-2)

Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge:   Hon. Malcolm Muir

Submitted Under Third Circuit LAR 34.1(a)

Before:   SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed: November 30, 2007)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

William R. Bruce, III, and John Cioffi Mussare, III, were convicted of conspiring to possess marijuana and of using extortionate means to collect an extension of credit and punish non-repayment. We earlier vacated their sentences and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). On remand, the District Court imposed the same sentences. Bruce and Mussare have again appealed, and, for the reasons set forth below, we will affirm.

## I.

The facts associated with the underlying offenses are set forth in our prior opinions and will not be repeated in detail here. *See United States v. Bruce*, 405 F.3d 145 (3d Cir. 2005); *United States v. Mussare*, 405 F.3d 161 (3d Cir. 2005). In 2002, the District Court sentenced Bruce to 235 months and Mussare to 210 months. The sentences imposed were based, in part, upon facts found by the sentencing judge. For example, the judge found that Bruce and Mussare branded the letters "IM thief" onto their victim's skin and that the victim's scars were likely to be permanent. As a result of that conduct, the District Court applied six-level enhancements to the defendants' base offense levels for "Permanent or

Life-Threatening Bodily Injury," pursuant to U.S.S.G. § 2E2.1(b)(2)(C). The judge also found that Bruce and Mussare engaged in other egregious conduct during the course of the offenses. For example, the judge found that Bruce and Mussare beat the victim multiple times and that Bruce urinated on the victim. As a result of that conduct, the District Court held that a two-level upward departure for "Extreme Conduct" under U.S.S.G. § 5K2.8 was appropriate for each of the defendants.

Following our remand for resentencing in accordance with *Booker*, the District Court again sentenced Bruce to 235 months and Mussare to 210 months.

II.

Bruce and Mussare make four arguments on appeal. First, they argue that the government failed to prove that the victim's branding scars were likely to be permanent and, thus, the six-level enhancement they each received for causing "Permanent or Life-Threatening Bodily Injury" was erroneous. Second, they argue that the District Court was prohibited by 18 U.S.C. § 3742(g)(2) from imposing on remand sentences above the applicable guidelines ranges. Third, the defendants argue that the District Court misapplied 18 U.S.C. § 3553(a)(6) because it failed to consider the sentences the defendants would have received had their cases proceeded in state court. Finally, they argue that the District Court was prohibited by the *ex post facto* principle of the Due Process Clause from imposing on remand sentences greater than those that would have been called for by the guidelines if only facts proven beyond a reasonable doubt had been considered.

A.

As to the argument that the government failed to prove that the victim's branding scars were likely to be permanent and, thus, that the six-level enhancement was erroneous, the record is more persuasive than the appellants. It contains a videotape of the victim's abdomen, taken two and a half years after the incident, in which the branding scars are still clearly visible. We have examined the evidence and conclude that the District Court's finding that the victim's scars were likely to be permanent was not clearly erroneous.

B.

Next, the defendants argue that the District Court violated 18 U.S.C. § 3742(g)(2) when it reimposed upward departures from the applicable guidelines ranges on remand. Section 3742(g)(2) provides that on remand

> [t]he court shall not impose a sentence outside the applicable guidelines range except upon a ground that–
> > (A) was specifically and affirmatively included in the written statement of reasons required by section 3553(c) in connection with the previous sentencing of the defendant prior to the appeal; and
> > (B) was held by the court of appeals, in remanding the case, to be a permissible ground of departure.

The defendants contend that because this Court vacated their previous sentences and remanded for resentencing in accordance with *Booker*, but did not otherwise remark upon the propriety of the sentences initially imposed, the District Court was somehow prohibited by § 3742(g)(2) from imposing the same upward departures it initially

4

imposed. Section 3742(g)(2), however, does not apply to defendants that were sentenced prior to its enactment in 2003. *United States v. Amedeo*, 487 F.3d 823, 831 (11th Cir. 2007); *see also United States v. Kostakis*, 364 F.3d 45, 53 (2nd Cir. 2004). Because Bruce and Mussare were originally sentenced in 2002, the District Court was not prohibited under § 3742(g)(2) from reimposing the upward departures on remand.[1]

## C.

Bruce and Mussare next argue that the District Court misapplied 18 U.S.C. § 3553(a)(6), which directs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The defendants argue that the District Court erred when it failed to consider the sentences they would have received had their cases been prosecuted in state court and, moreover, that the Court erroneously held that it was without discretion to consider the case from that perspective. We reject those assertions. For one thing, the District Court did not hold that it was without discretion to consider the sentences the defendants would have received in state court; it just declined to do so. More to the point, though, district courts are not required under § 3553(a)(6) to consider disparities between federal and state court sentences for similar conduct. *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006); *United States v. Branson*, 463 F.3d 1110, 1112-13 (10th

---

[1] We note that the defendants' argument raises questions regarding the constitutionality of applying § 3742(g)(2) in this situation. If we were to apply § 3742(g)(2) in this case, we would essentially be holding that the guidelines are mandatory on remand, even though the defendants obtained the remand because applying the guidelines as mandatory has been held to be unconstitutional.

Cir. 2006); *see also United States v. Snyder*, 136 F.3d 65, 69 (1st Cir. 1998) ("[T]he guidelines seek to promote uniform sentencing among federal courts in respect to federal crimes.").

## D.

Finally, the defendants argue that because they committed the offenses prior to the Supreme Court's decision in *Booker*, the District Court was prohibited by the *ex post facto* principle of the Due Process Clause of the Fifth Amendment from imposing sentences greater than the applicable guidelines ranges calculated using only facts proven beyond a reasonable doubt. In essence, the defendants seek sentences that comport with the constitutional holding in *Booker*, but want to avoid the possibility of higher sentences under the remedial holding in that case. This Court rejected that argument in *United States v. Pennavaria*, 445 F.3d 720, 723 (3d Cir. 2006). In that case, we held that a resentence outside of the guidelines range calculated without any judicial fact-finding was not a violation of the *ex post facto* principle of the Due Process Clause both because the defendant had fair warning that his conduct was punishable up to the maximum amount under the statute and because the defendant had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum. *Id.* The same reasoning applies here.

## III.

For the foregoing reasons, we affirm the judgments of sentence.

6