

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# USA v. Aldea

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Aldea" (2008). *2008 Decisions.* Paper 1744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-4413

———————

UNITED STATES OF AMERICA

v.

JORGE ALDEA
also known as
FAT GEORGE

Jorge Aldea
Appellant

———————

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00014-2)
District Judge:  Hon. Stewart Dalzell

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2008

BEFORE:  FISHER, HARDIMAN and
STAPLETON, *Circuit Judges*

(Opinion Filed January 15, 2008 )

———————

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Jorge Aldea was convicted by a jury of conspiracy to distribute in excess of five kilograms of cocaine. The District Court found that he conspired to distribute over 150 kilograms of cocaine and sentenced Aldea pursuant to the then mandatory Sentencing Guidelines to 280 months of incarceration. On appeal, with *Blakely* and *Booker* having been decided in the interim, we affirmed Aldea's conviction but remanded for resentencing. We ruled as follows:

> Jorge Aldea argues that his sentence of 280 months exceeded the maximum possible sentence supported by the jury verdict and, thus, violates *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). He also argues that, because he committed his offense before the Supreme Court decided *Booker*, the Ex Post Facto clause prevents imposition of a sentence that includes any enhancement. Having determined that *Booker* issues are best resolved by the District Court in the first instance, we will vacate his sentence and remand for resentencing in accordance with that opinion. (Citations omitted.)

*United States v. Jorge Aldea*, No. 04-2305, Slip Opinion at 14-15 (Not Precedential).

On remand, the District Court rejected Aldea's argument that imposition of a sentence greater than 151 months of incarceration would be unlawful and sentenced him to 240 months. This appeal followed.

2

Aldea insists that the District Court's 240 month sentence violated his Due Process right to protection from an *ex post facto* increase in punishment. Aldea candidly acknowledges, however, that we have held to the contrary in *United States v. Pennavaria*, 445 F.3d 720 (3d Cir. 2006), and explains that he is pursuing this appeal in order to be in a position to seek review in the Supreme Court of the United States.

Accordingly, the judgment of the District Court will be affirmed.