

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# USA v. Denmark

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Denmark" (2008). *2008 Decisions.* Paper 1243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4081
_____

UNITED STATES OF AMERICA

Appellee,

v.

CHRISTOPHER DENMARK,

Appellant

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
D.C. No. 05-cr-00582
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2008

Before: SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: May 12, 2008 )

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

A jury convicted Christopher Denmark of conspiracy to commit arson in violation of 18 U.S.C. § 844(m); arson in violation of 18 U.S.C. § 844(i); and making false statements in bankruptcy in violation of 18 U.S.C. § 152(3). Following a hearing, the District Court sentenced Denmark to 93 months imprisonment. Denmark filed a timely appeal.

## I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Denmark's appointed counsel has examined the record, concluded that there are no non-frivolous issues for review, and requested permission to withdraw. This request was accompanied by a brief identifying the following issues as arguably possessing merit: (1) whether the District Court properly applied a base offense level of 24 to the arson crimes; (2) whether Denmark qualified for a two-level enhancement as a leader or organizer of the arson crimes; (3) whether the District Court properly applied the U.S.S.G. § 2B1.1 fraud/misrepresentation guideline as opposed to the § 2J1.3 perjury guideline to the bankruptcy offense; and (4) whether the District Court correctly calculated the amount of the loss attributable to the bankruptcy offense as between $200,000 and $400,000 purusant to § 2B1.1.

With regard to the first issue, Denmark's counsel cites U.S.S.G. § 2K1.4, providing for a base offense level of 24 "if the offense . . . involved the destruction or attempted destruction of a dwelling . . . or a place of public use" and notes that the building in question was a nightclub that sold alcoholic beverages to members of the public. With regard to the second issue, counsel notes that the club belonged to Denmark; that Denmark was the only individual at the scene with a motive to burn the club down; that Denmark was convicted of the conspiracy offense; and that Denmark instructed a janitor who had arrived on the scene to leave. With regard to the third issue, counsel notes that Denmark's conviction under 18 U.S.C. § 152(3) necessarily entailed a finding that Denmark acted knowingly and with the intent to defraud the creditors and also notes that U.S.S.G. § 2B1.1(b)(8)(B) contains a specific reference to bankruptcy proceedings. With regard to the fourth issue, counsel notes that, in convicting Denmark on the bankruptcy count, the jury accepted the government's theory that Denmark did not list the mortgage on his bankruptcy schedules in order to conceal his expected receipt of more than $200,000 in insurance proceeds from the Bankruptcy Court.

In a series of submissions accompanying his informal brief, Denmark argues that: (1) the sentencing factors found by the District Court had to be proven beyond a reasonable doubt; (2) his trial counsel and appellate counsel were ineffective; and (3) the

3

retroactive application of *United States v. Booker*, 543 U.S. 220 (2005) to his pre-*Booker* conduct violated the Ex Post Facto Clause.[1]

As Denmark concedes, his first argument is foreclosed by this Court's decision in *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007), in which we held that the preponderance of the evidence standard applies to the determination of facts relevant at sentencing. With regard to Denmark's second argument, this Court generally does not entertain ineffective assistance of counsel claims on direct appeal; rather, "a defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 in order that the district court may create a sufficient record for appellate review." *Government of Virgin Islands v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986). Finally, as Denmark concedes, this Court rejected his third argument in *United States v. Pennavaria*, 445 F.3d 720 (3d Cir.), *cert. denied*, 127 S.Ct. 531 (2006), in which we held that the retroactive application of *Booker* did not violate the Ex Post Facto Clause.

For the foregoing reasons, we will grant counsel's motion to withdraw and we will affirm the judgment of the District Court.

---

[1] Denmark also advised his appellate counsel that there were two cases pending the Supreme Court that "might warrant raising" - *Rita v. United States*, 127 S.Ct. 2456 (2007) and *Claiborne v. United States*, 549 U.S. —, 127 S.Ct. 2245 (2007). He also referred to *Apprendi v. New Jersey*, 530 U.S. 466 (2006), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker* itself. None of these cases provides a basis for appellate relief.