

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# USA v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jackson" (2006). *2006 Decisions*. Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3610

———————

UNITED STATES OF AMERICA

v.

KENNETH JACKSON,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-cr-00675
District Judge: The Honorable John R. Padova

———————

Argued December 11, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and IRENAS*, District Judge*[*]

(Filed: December 20, 2006)

David L. McColgin (Argued)
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West

———————————

[*]The Honorable Joseph E. Irenas, Senior District Judge for the United States
District of New Jersey, sitting by designation.

1

Philadelphia, PA 19106
        *Counsel for Appellant*

Robert A. Zauzmer (Argued)
Suite 1259
Joseph A. Labar
Suite 1250
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106
        *Counsel for Appellee*

---

OPINION

---

SMITH, *Circuit Judge*.

Kenneth Jackson pleaded guilty to four counts of making false statements to a federal firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A), an offense subject to a maximum sentence of five years. Jackson's advisory guideline range for a total offense level of 12 was 10 to 16 months because he had no prior criminal history. In light of his cooperation, the government moved for a substantial assistance departure under United States Sentencing Guideline (U.S.S.G. or guideline) § 5K1.1 and advised the District Court that it did not see a need for incarceration. The District Court, however, notified the parties of its intent to depart upward.[1]

---

[1] In *United States v. Vampire Nation*, 451 F.3d 189 (3d Cir. 2006), we concluded that a district court is not required under *United States v. Booker*, 543 U.S. 220 (2005), to provide advance notice to the parties of its intent to vary its sentence from the advisory sentencing guideline range. *Id.* at 197-98. However, advance notice of an intent to grant a departure in calculating the guidelines offense level or criminal history (before proceeding to a § 3553(a) analysis) is still required under Federal Rule of Criminal Procedure 32(h). *Id.* Thus, the District Court's advance notice that it was contemplating a

2

At sentencing, neither party objected to the findings in the pre-sentence report and the District Court adopted the report in its entirety. (App. 51) The District Court agreed with the parties that there was no basis for an upward departure from the advisory guideline range of 10 to 16 months. (App. 58) After hearing the government's proffer regarding Jackson's cooperation, the Court indicated it was "satisfied . . . that sufficient circumstances exist to allow the Court to consider a downward departure in this case, and . . . I certainly grant the motion. Now, whether or not I'm going to actually depart downwardly from a Guideline range of [10] to 16 months is in the, I guess in the final sense, is going to come out through a consideration of the 3553(a) factors." (App. 63) Thereafter, the District Court explained that the 10 to 16 month range did not "sufficiently reflect[] the nature and circumstances of illegally purchasing six semiautomatic weapons for use by a drug trafficker" and that this range did not provide "sufficient punishment or deterrence." (App. 65-66)

At the conclusion of counsel's argument, the Court advised Jackson that he faced a maximum of 20 years in prison in light of his conviction on four separate counts of violating § 924(a)(1)(A). The Court further informed Jackson that his sentence would have been 5 years of imprisonment had it not been for his substantial cooperation and his rehabilitation. (App. 76). The Court explained that a five year sentence was appropriate in its view given the seriousness of the offense, which involved the purchase of six semiautomatic weapons, and the need to deter similar conduct. (App. 65-66) Because

---

departure was appropriate.

3

Jackson had provided substantial assistance to the government and made great strides in rehabilitating himself, and consistent with the government's motion, the District Court reduced the five year sentence it would have imposed to 28 months of imprisonment. (App. 76)

Jackson filed a motion to correct his sentence, arguing that the imposition of the 28 month sentence constituted a violation of the *ex post facto* principles of the Due Process clause. After the District Court denied Jackson's motion to correct his sentence, this timely appeal followed.[2]

Jackson argues that his sentence should be vacated and this matter remanded for resentencing because his sentence is both procedurally and substantively unreasonable. In addition, Jackson contends that his sentence, which exceeds his advisory guideline range, violates the *ex post facto* principles of the Due Process Clause of the Fifth Amendment. We will affirm the judgment of the District Court.

Jackson argues that his sentence of 28 months of imprisonment is procedurally unreasonable because the District Court did not apply any articulable methodology which would explain why a five year sentence, prior to departure, was warranted. He asserts that the District Court's exercise of discretion in imposing his sentence should have been guided by the analogic reasoning or ratcheting procedure approved in *United States v. Kikumura*, 918 F.2d 1084, 1111 (3d Cir. 1990).

---

[2]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

We agree with Jackson that the procedure employed at sentencing was improper. In *United States v. King*, 454 F.3d 187 (3d Cir. 2006), we set out a "three step sentencing process." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citing *King*, 454 F.3d at 196). This process requires that district courts: (1) "must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*;" (2) formally rule on the motions of both parties, explaining their reasons for such rulings on the record; and (3) "exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines." *Id.* (internal citations, quotations marks and brackets omitted). Here, it appears that the District Court did not formally rule on the government's motion for a substantial assistance departure, electing instead to consider the substantial assistance under the third step in the process. As we concluded in *King*, this was error. 462 F.3d at 193. There, we declared that district courts should continue "to follow the ratcheting or analogic procedure that this court set out in [*United States v.] Hickman*, [991 F.2d 1110, 1114 (3d Cir. 1993), ] and *Kikumura*" at the second step in the sentencing process. *King*, 462 F.3d at 193. The error did not require reversal, however, because we were satisfied that the "District Court considered the relevant factors in this case, and that it reasonably applied those factors to the circumstances of this case." *Id.* at 195.[3]

---

[3]Judge Irenas joins this opinion except to the extent that it concludes that the District Court did not follow the procedures laid out in *King* and *Gunter*. Even though those two cases were decided after the Court sentenced Jackson, the Court substantially complied with their mandates. In step one the trial judge found that guideline range to be 10-16 months. At step two, he granted the motion to depart for substantial assistance (Section 5K1.1), but indicated that as a sentencing guidelines matter he would not lower

Thus, we must consider whether Jackson's sentence was substantively unreasonable. Jackson asserts that it was unreasonable to impose a sentence that was nearly double the top of the guideline range of 16 months. As we noted above, however, the statutory maximum for the offense of conviction was five years. Our scrutiny of the record demonstrates that the District Court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a), and explained that the guideline range was inadequate in light of the seriousness of the offense, and the need to deter others from committing like offenses. *See Cooper*, 437 F.3d at 329. Although we may not have imposed such a harsh sentence, our review is not *de novo. Id.* at 330 (reiterating that we apply a deferential standard). We conclude that the sentence is not unreasonable.[4]

Jackson's argument that his sentence violates the *ex post facto* principles of the Due

_____

the offense level based on that cooperation. (App. 63). He then proceeded to step three where he explained in detail why, under § 3553(a), he imposed a sentence of 28 months. (App. 74-76). It would not be unusual for a trial judge to face a situation where he feels that under *Booker* and § 3553(a) the guideline is too low, while at the same time he is faced with § 5K1.1 downward departure motion. Under *King* steps one and two, he determines the guideline range and decides the departure motion as if *Booker* did not exist. At step three, he then exercises his *Booker* authority. This is exactly what the District Court did in sentencing Jackson.

[4]To the extent Jackson argues that the ratcheting or analogic procedure set out in *Hickman* and *Kikumura* also should be applied at step three in the sentencing process, we reject that contention. In our view, a requirement that would tie any variance a sentencing court may deem appropriate to the advisory guideline "come[s] close to restoring the mandatory nature of the guidelines excised in *Booker*." *Cooper*, 437 F.3d at 331 (rejecting the argument that a within-guidelines sentence is presumptively reasonable as that would "come close to restoring the mandatory nature of the guidelines excised in *Booker*"). *Booker* made clear that the guidelines are now advisory and that "sentencing is a discretionary exercise, and now includes a review of the factors set forth in § 3553(a)." *Vampire Nation*, 451 F.3d at 196.

Process Clause of the Fifth Amendment is governed by our decision in *United States v. Pennavaria*, 445 F.3d 720 (3d Cir. 2006).[5] There, we rejected the defendant's argument that remand for resentencing post-*Booker* for sentencing under an advisory guideline would constitute an *ex post facto* violation of the Due Process Clause. We pointed out that in *Booker* the Supreme Court "clearly instructed that both of its holdings should be applied to all cases on direct review." *Id.* at 723. Furthermore, we reasoned that the defendant had "fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum." *Id.* at 723-24. Thus, we concluded that application of *Booker*'s remedial holding to cases on direct review did not offend the Due Process Clause.

Jackson argues that *Pennavaria* is distinguishable. He asserts that the defendant in that case argued that there was an *ex post facto* violation because he should have been sentenced under the mandatory guideline range which was applicable when he committed the offense of conviction, instead of a sentence based on an advisory guideline range determined after the District Court engaged in fact-finding. By contrast, Jackson does not dispute that he may be subject to a sentence commensurate with the advisory guideline range of 10 to 16 months. He asserts that it is an *ex post facto* violation to sentence him to a term of imprisonment which exceeds the advisory range in the absence of some finding by the District Court that an upward departure was warranted.

---

[5]We exercise plenary review over Jackson's claim that his sentence violates the *ex post facto* principles of the Due Process Clause. *See United States v. Brady*, 88 F.3d 225, 227 (3d Cir. 1996) (applying plenary review to determination of whether legislative act violated the *Ex Post Facto* Clause).

This argument, however, fails for two reasons.  First, it fails to acknowledge that, in *Gunter*, we instructed that the third step in the sentencing process involves an exercise of discretion during which the district courts may impose a sentence which varies from the Guidelines based on *Booker* and the factors set forth in § 3553(a) as long as it does not exceed the statutory maximum term of imprisonment.  462 F.3d at 243-44 and 247.  Second, Jackson's argument ignores the fact that in *Pennavaria* we declined to find that resentencing under an advisory guideline would constitute an *ex post facto* violation provided the sentence did not exceed the statutory maximum.  445 F.3d at 723-24.  Here, the statutory maximum for each of the four counts was five years.  Thus, a sentence of 28 months, a term well within the maximum term of 5 years, does not offend the *ex post facto* principles of the Due Process Clause.

We will affirm the judgment of the District Court.