

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Watson" (2004). *2004 Decisions*. Paper 864.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/864

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2617

UNITED STATES OF AMERICA

v.

ANTHONY WATSON,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-CR-313-05)
District Court Judge: Honorable J. Curtis Joyner

Argued March 29, 2004

Before: ALITO, FISHER, and ALDISERT, <u>Circuit Judges.</u>

(Opinion Filed: April 7, 2004)

JEREMY H.G. IBRAHIM
14th Floor
121 South Broad Street
The North American Building
Philadelphia, PA 19107
*Counsel for Appellant*

KATHY A. STARK (Argued)
Suite 1250
Office of the United States
Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

This is an appeal from a judgment in a criminal case. Because we find Watson's claims to be without merit, we affirm.

First, we hold that the District Court was not clearly erroneous when it found that Watson had a managerial role in the conspiracy. Witnesses testified that Watson ran a corner in the conspiracy, that he hired at least one worker to sell crack, and that he was frequently seen with the leaders of the conspiracy. Furthermore, the District Court was not clearly erroneous when it found that the use or possession of a firearm in the conspiracy was clearly foreseeable. As a manager in a sizeable crack cocaine distribution ring, in which two members had already been shot, the use of a firearm by a member of the conspiracy was more than reasonably foreseeable. See United States v. Ramos, 147 F.3d 281, 286-287 (3d Cir. 1998); United States v. Dixon, 982 F.2d 116 (3d Cir. 1992).

Second, we find that the District Court did not abuse its discretion when it

2

admitted the government's charts and exhibits summarizing the electronic communications between the conspirators. The government, through a witness and a public record, was able to properly establish that the telephone and beeper numbers on the charts and exhibits were properly attributed to Watson. See, e.g., Supp. App. at 133-135; 184-185. Furthermore, the charts and exhibits were accurately explained by a government witness, and the District Court did not abuse its discretion in finding them more probative than prejudicial. See Federal Rules of Evidence 403 and 1006; United States v. Serafini, 233 F.3d 758, 768 fn. 14 (3d Cir. 2000).

Third, the District Court correctly denied Watson's motion to suppress the money and drugs found at the time of his arrest. The surveillance officer saw Watson engaging in three transactions that, based on her experience as a narcotics officer, she knew to be drug deals. Each time, Watson would talk to a customer, go into an abandoned lot nearby, emerge with an object, and exchange the object for money. The police stopped Watson for an investigatory stop, an action that he admits was valid. Upon stopping him, one officer looked in the abandoned lot and saw a McDonalds' plastic cup filled with crack. The police officer found the cup almost immediately upon entering. Thus, the seizure of the cup was legal because it was in plain view. See Horton v. California, 496 U.S. 128, 133-134 (1990) ("If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy.") Upon finding the crack, the police arrested Watson, and the money was obtained through a valid search incident to

Watson's arrest. <u>See</u>, <u>e.g.</u>, <u>Rawlings v. Kentucky</u>, 448 U.S. 911 (1980).

Fourth, the District Court properly determined Watson's relevant conduct. As stated above, significant evidence supports the conclusion that Watson was a manager in the drug conspiracy. Furthermore, several witnesses placed him in the conspiracy for its entire two-year existence.

For the above reasons, we affirm.