

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2008

# USA v. Watson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Watson" (2008). *2008 Decisions*. Paper 491.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/491

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4483
_____

UNITED STATES OF AMERICA

v.

ANTHONY WATSON,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-313-5)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2008


Before: SLOVITER, FUENTES, and ALDISERT, Circuit Judges.

(Opinion Filed: September 25, 2008)


_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit Judge</u>:

Anthony Watson appeals from his 360-month post-<u>Booker</u> resentencing following his jury conviction for conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846; possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1); and distribution of and possession with the intent to distribute crack within 1,000 feet of a school in violation of 21 U.S.C. § 860. Watson argues that his sentence was based on improper judicial fact finding and constituted an unconstitutional application of ex post facto law. He also argues that the District Court erred by failing to consider letters he submitted prior to his sentencing, as well as legal authorities he has laid out in a pro-se brief. For the reasons stated below, we will affirm.[1]

I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case. This is the second time that we review Watson's sentence. His first sentence, issued on June 21, 2001, was calculated using the former United States Sentencing Guidelines, and resulted in a term of life imprisonment. Watson appealed this sentence, challenging the District Court's calculation of the relevant sentencing guidelines, the admission of various Government exhibits, and the denial of his suppression motion. <u>United States v. Watson,</u> 93 Fed.

_____

[1]The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to hear this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Appx. 481, 482-83 (3d Cir. 2004).  We found Watson's claims to be without merit, and affirmed his conviction.

On January 24, 2005, the Supreme Court vacated Watson's judgment, and remanded the case to this Court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).  Upon remand, we, in turn, remanded the case to the District Court for resentencing in light of Booker.

On October 12, 2006, the District Court resentenced Watson, making findings identical to those made at the original sentencing, with one exception:  the District Court enhanced Watson's sentence by two levels, rather than three, in order to reflect his lesser role in the offense relative to a previously sentenced co-defendant.  Although Watson's total offense level dropped by one level, the guideline range again called for life imprisonment.  Rather than impose life imprisonment – as it had in the previous sentencing – the District Court imposed a sentence of 360 months, with eight years of supervised release, and a fine of $2,500.  The present appeal is from this sentence.

## II.

Watson first argues that his 360-month sentence violated his Fifth and Sixth Amendment rights to have a jury determine, beyond a reasonable doubt, all the facts essential to his punishment.  In particular, Watson objects that his sentence was based, in part, on the District Court's determination that Watson was a street level manager; that the conduct occurred within 1,000 feet of a school; and that weapons were involved in

the offense.[2]

In United States v. Grier, 475 F.3d 556, 561 (3d Cir. 2007) (en banc), decided after Booker, we held that "[o]nce an individual has been convicted by a jury beyond a reasonable doubt of the predicate facts of illegal conduct, triggering a statutory maximum penalty, a court may impose any sentence on the individual up to that maximum." Id. at 562. We also reaffirmed that a district court could determine facts by a preponderance of the evidence, without offending the Fifth or Sixth Amendments, in order to impose a sentence within the permissible range. Id. at 568. Finally, we held that "facts relevant to application of the Guidelines – whether or not they constitute a 'separate offense' – . . . do not implicate the rights to a jury trial and proof beyond a reasonable doubt." Id. at 567-68.

Here, although the findings of fact made by the district judge informed his final decision, they did not increase the maximum amount of punishment to which Watson was exposed. Accordingly, the Court acted lawfully in making these factual determinations.

Watson also argues that the application of the remedial holding of Booker to cases pending on direct review violates the Ex Post Facto principle of the Due Process Clause. We have already addressed this argument in United States v. Pennavaria, 445 F.3d 720

---

[2]Watson also argues that the District Court, and not the jury, determined that he was responsible for 1.5 kilograms of cocaine. Watson is mistaken – this particular finding was made by the jury. (Def.'s App. 212-13.)

4

(3d Cir. 2006). In Pennavaria, we noted that the Supreme Court clearly instructed that its holding in Booker should be applied to all cases on direct review. Id. at 723. Furthermore, we noted that because defendants like Watson had fair warning of the statutory maximum punishments of their respective crimes, enhancements in punishment that did not exceed the statutory maximum, even if based on judge-found facts, would not violate the Due Process Clause. Id. at 723-24. Accordingly, the application of Booker to Watson's sentence did not violate his constitutional rights.

## III.

Watson also argues that the District Court erred in ignoring various legal precedents Watson presents in a supplemental pro se brief.[3] Pursuant to Local Appellate Rule 31.3, parties represented by counsel may not submit pro se briefs except in situations covered by Anders v. California, 386 U.S. 738 (1967). United States v. Essig, 10 F.3d 968, 973 (1993). Because Plaintiff was represented by counsel, we need not address Plaintiff's arguments. Nonetheless, we have thoroughly considered Watson's arguments, and find them to lack merit. See United States v. Kelly, 272 F.3d 622, 624 (3d Cir. 2001).

## IV.

Finally, Watson argues that the district judge failed to consider "information

---

[3]In his supplemental brief, Watson argues that the penalty provisions of 21 U.S.C. § 846 are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

submitted by appellant" in assessing the criteria of 18 U.S.C. 3553(a). Watson claims that material he supplied to the probation department was not included in the pre-sentence report, but does not mention with any specificity what material was excluded.

We review sentences for reasonableness, applying the factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at 261-62. A sentence is reasonable if the record demonstrates that the sentencing court gave rational and meaningful consideration to these factors. United States v. Cooper, 437 F.3d 324, 329 (3rd Cir. 2006).

The record in this case shows that the District Court carefully considered the relevant factors set forth in § 3553(a), including the applicable Guidelines range; the nature, circumstances, and seriousness of the offense; the need to promote respect for the law; and the interests of deterrence. (Gov't App. 27-29.) Although Watson does not state what additional documents the District Court failed to consider, the record indicates that the district judge made his decision to lower Watson's sentence on appeal based, in part, on Watson's progress and development – a finding which strongly suggests that the district judge reviewed the documents submitted to the Court by Watson and his attorney. (Id. (noting that the district judge found that Watson's improvement as a person rendered the previous sentence – life imprisonment – "more than necessary to adequately meet the criteria that are set forth in Section 3553(a)").) Accordingly, because the District Court gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as the additional information submitted to the Court, we find that the sentence imposed was reasonable.

6