NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3592
_____


UNITED STATES OF AMERICA

v.

ANTHONY WATSON a/k/a CHESTER

ANTHONY WATSON,
                              *Appellant*
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-00-cr-00313-005)
District Judge:  Honorable J. Curtis Joyner


_____


Submitted Under Third Circuit LAR 34.1(a)
September 10, 2013

Before: SMITH, GARTH, and SLOVITER, Circuit Judges

(Opinion Filed: September 12, 2013)


_____

OPINION
_____

SLOVITER, Circuit Judge.

Anthony Watson appeals from the District Court's denial of his habeas corpus motion, made pursuant to 28 U.S.C. § 2255, in which he claimed that his trial counsel was ineffective for not requesting a multiple-conspiracies charge. We will affirm.[1]

I.

On May 31, 2000, a grand jury returned an indictment charging Watson and thirteen others with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and other charges. Watson was also charged with one count of possession of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of crack with intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. § 860.

At trial, the government presented evidence that Watson and his co-defendants were part of an extensive conspiracy to sell crack cocaine in Philadelphia. According to the government, the conspiracy began in 1998, and was masterminded by Anthony Davis, who supplied the crack that was sold at several different locations in the city. The government alleged a number of connections between the conspirators, including exchanges of drugs and weapons, regular meetings, and consistent phone contacts. Presented with this and other evidence, the jury found Watson guilty of all three offenses. Watson was sentenced to life imprisonment by the District Court. After an appeal,

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2255, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255.

Watson was resentenced to 360 months imprisonment, a sentence affirmed by this court. *See United States v. Watson*, 293 F. App'x 887, 890 (3d Cir. 2008).

In January 2010, Watson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion raised four claims of ineffective assistance of counsel, all of which the District Court denied. The District Court also declined to issue a certificate of appealability. Watson appealed. This court granted a certificate of appealability solely on Watson's claim that his trial counsel should have requested a multiple-conspiracies charge.

## II.

We exercise plenary review over the District Court's legal conclusions and review its factual conclusions for clear error. *See Whitney v. Horn*, 280 F.3d 240, 249 (3d Cir. 2002). A defendant who asserts a Sixth Amendment ineffective assistance claim must show that his/her attorney's representation "fell below an objective standard of reasonableness" as determined by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Watson has not overcome this presumption. Instead of requesting a multiple-conspiracies charge, Watson's counsel simply argued that Watson was an independent actor rather than a member of any conspiracy. To pursue this strategy, Watson's counsel attacked the credibility of Watson's alleged co-conspirators, on whom the government depended to make its case. He also emphasized that the government had little objective

3

evidence linking Watson to the conspiracy, pointed to the belated identification of Watson in the investigation, stressed that Watson had never been recorded by investigators, and highlighted the weaknesses of the government's pager evidence. In addition, in both his opening and closing arguments, Watson's counsel drew attention to the problems with the government's case, and underlined the importance of reasonable doubt in the jury's decision-making process.[2]

Watson's counsel made the reasonable choice of exclusively pursuing the independent-actor strategy. Indeed, all of Watson's co-defendants, including two who were acquitted, relied on a similar strategy. This strategy allowed Watson's counsel to avoid the complexity and possible confusion of a multiple-conspiracies charge, and to instead focus on Watson's conduct. Although it may be "tempting . . . to second-guess counsel's assistance after conviction," we must avoid the bias of "hindsight," and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. From that perspective, the decision by Watson's counsel to pursue the independent-

---

[2] Watson argues that his counsel's trial conduct was so poor that it was devoid of any strategy. In particular, Watson claims that his counsel implicitly insulted Watson during his opening, misstated pager evidence, unhelpfully suggested that Watson was a minor player in the conspiracy, attacked the credibility of the wrong witnesses, and undermined his own credibility by challenging the weight of drugs obtained from Watson despite a stipulation. The record does demonstrate that the performance of Watson's counsel was imperfect, but the Sixth Amendment "guarantees reasonable competence, not perfect advocacy." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). The imperfect conduct of Watson's counsel was not so extreme that it overcomes the presumption that he was applying a strategy. Watson further argues that his counsel was ineffective because he failed to meet with him until two months before the trial. Although the failure of Watson's counsel to communicate with his client is troubling, the problem appears to have been corrected, and there is no evidence that it hindered Watson's representation at trial.

4

actor strategy and not the multiple-conspiracies strategy met *Strickland's* reasonableness standard, and did not violate Watson's Sixth Amendment right to counsel.

III.

For the reasons set forth, we will affirm the ruling of the District Court denying Watson's motion to vacate, set aside, or correct his sentence.